IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LEAH K. WINTERS,** | |
| Plaintiff, | **CIVIL ACTION FILE** |
| v. | **NO. _____** |
| **THE UNITED STATES OF AMERICA** | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**
**UNDER THE FEDERAL TORT CLAIMS ACT**

Comes Now, Leah K. Winters, and files this Original Complaint for Damages under the Federal Tort Claims Act against The United States of America and shows this Honorable Court the following:

**I. JURISDICTION, VENUE AND CONDITIONS PRECEDENT**

1.

Plaintiff resides in the State of Georgia.

2.

The claims herein are brought against The United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et. seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States

Government, specifically the United States Postal Service ("USPS") while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Georgia.

3.

Venue is proper pursuant to 28 USCS § l402(b) and 28 U.S.C. § 1346 in that the accident occurred in the Northern District of Georgia, specifically Clayton County and Plaintiff is a resident of Clayton County, Georgia.

4.

Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

5.

This suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Postal Service (USPS) on November 02, 2023, within 12 months of the collision leading to this lawsuit. The USPS assumed responsibility for processing Plaintiff's claim and denied it by not responding to Plaintiff's demand package within six months.  See Exhibit A.

6.

The Defendant, The United States of America, may be served process in accordance with Rule 4(I) of the Federal Rules of Civil Procedure by serving a copy

of the Summons and of the Complaint by certified mail, return receipt requested, on Ryan K. Buchanan, The United States District Attorney for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303-3309 to the attention of the Civil Process Clerk; and by serving a copy of the Summons and Complaint on Merrick B. Garland the Attorney General of The United States of America by certified mail, return receipt requested, at the Attorney General's Office, United States Department of Justice, 950 Pennsylvania Avenue, NW; Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

## II. EVENTS FORMING THE BASIS OF THE CLAIMS

7.

This claim arises out of an automobile collision that was caused by a United States of America owned USPS mail delivery vehicle ("USPS vehicle") on May 23, 2023, that caused injuries to Plaintiff.

8.

Plaintiff was driving a 2002 Toyota Sequoia on the other side of the road going northbound traffic at the intersection of Taylor Rd/Taylor Cir, South of Taylor Cir, inside of City of Riverdale, Clayton County, GA.

9.

At approximately 11:00 a.m. a USPS vehicle driven by USPS employee

Sharika Q. Sims, in the course and scope of her employment, collied with Plaintiff's vehicle when Ms. Sims drove her vehicle into incoming traffic and struck Plaintiff's vehicle head on at a high rate of speed.



10.

Ms. Sims failed to safely operate the USPS vehicle in accordance with the Uniform Rules of the Road and negligently caused a collision with Plaintiff's vehicle by crossing into Plaintiff's opposite lane of travel and causing a front-end collision without warning.

11.

As a result of this motor vehicle collision, Plaintiff suffered property damage

and personal injuries.

12.

At all times relevant hereto, Ms. Sharika Q. Sims was an employee of the defendant, The United States of America. Ms. Sharika Q. Sims was a postal truck driver for the United States Postal Service and was acting within the course and scope of her employment. Under the laws of the State of Georgia, an employer such as Defendant is vicariously liable for the actions of its employees.

13.

Plaintiff would be entitled to pursue claims under the laws of the State of Georgia for the damages caused by the negligent acts of Ms. Sharika Q. Sims and her employer.

### III. PLAINTIFF'S CLAIM AGAINST THE UNITED STATES FOR THE NEGLIGENCE OF ITS EMPLOYEE SHARIKA Q. SIMS

14.
Plaintiff incorporates by reference herein all allegations set forth above.

15.

The acts and events set forth above constitute negligence on the part of Sharika Q. Sims under the laws of the State of Georgia.

16.

Ms. Sharika Q. Sims had a duty to drive safely, yield to traffic, and be mindful of other traffic while safely operating the USPS vehicle.

17.

Ms. Sharika Q. Sims breached her duty of care when she failed to look out for traffic as required and negligently collided with Plaintiff's vehicle by steering her vehicle into the opposite incoming lane of traffic.

18.

Ms. Sharika Q. Sims's maneuver and breach of duty was the proximate and actual cause of the collision and the injuries to Plaintiff.

19.

At all times material hereto, Ms. Sharika Q. Sims was an employee of The United States of America, specifically the USPS, was under the direction and control of her employer, USPS, and was acting within the course and scope of her employment.

20.

Plaintiff is entitled to recover from the Defendant for her injuries, including but not limited to physical injuries, past, present, and future pain and suffering, medical expenses, property damage and loss, and economic loss.

### IV. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the United States of America, and hereby prays that judgment be entered in her favor and against The United States government as follows:

1. For a judgment in favor of the Plaintiff against The United States of America for Plaintiff's pain and suffering, in such an amount as may be shown by the evidence and determined by the Court or trier of fact;

2. For an award of special damages for the necessary expenses resulting from the injuries, disabilities, and resulting costs against The United States in an amount to be shown at trial and determined by Court or trier of fact;

3. For a judgment in favor of the Plaintiff for the value of Plaintiff's loss of enjoyment and quality of life, in such an amount as may be shown by the evidence and determined by the Court or trier of fact;

4. For costs of court; and

5. That Plaintiff is awarded such other and further relief as this Court shall deem just and proper.

This 11th day of July, 2024.

                                                                */s/   Seth R. Eisenberg*
**SETH R. EISENBERG, ESQ.**
Georgia Bar No. 112078
**SONYA A. MAHARAJ, ESQ.**
Georgia Bar No. 144486

**THE EISENBERG FIRM, LLC**
1028 Edgewood Avenue NE
Atlanta, Georgia 30307
T: (404) 890-7077
F: (404) 890-7076
seth@eisenbergfirm.com
sonya@eisenbergfirm.com

# EXHIBIT A

LAW DEPARTMENT
NATIONAL TORT CENTER


UNITED STATES
POSTAL SERVICE

May 23, 2024

Mr. Seth R. Eisenberg
The Eisenberg Firm
1028 Edgewood Ave NE
Atlanta, GA 30307

Re:   Claimant:            Lean Winters
      Date of Incident:    May 23, 2023
      NTC File No.:        NT202410698

Dear Seth Eisenberg:

Please be advised that the above-referenced matter which was presented on behalf of Leah Winters with the United States Postal Service on November 6, 2023 has been assigned to the National Tort Center for adjudication.

This matter will be adjudicated as soon as possible; however, please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346), the Postal Service has six (6) months from November 6, 2023 in which to complete its adjudication. Federal law mandates that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). Accordingly, once a valid claim is received by the Postal Service, the time period to file litigation does not begin until such time as a written denial is issued by the Postal Service or alternatively, Claimant may file, but is not required to file litigation, no sooner than six months from the date of presentment. State statute of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide documentation to support his/her claim. Based upon an initial review of this claim, please provide the following at your earliest opportunity:

    ☒Nothing additional needed at this time

Any additional information and/or documentation supporting Claimant's matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling. My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding this claim, and *never* for submission of tort claims or**

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

**amended tort claims which must be presented as set forth in the regulations.** *See* **28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format. Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948. However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents.

Please note: The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six month time period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of this claim. You may contact the National Tort Center at any time to obtain a status on this claim. Furthermore, if you have not heard from the National Tort Center prior to expiration of the six month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

*Cindy J. Cozad*

Cindy J. Cozad
Tort Claims Adjudicator/Examiner
Tel: 314/345-5844
E-mail: cindy.j.cozad@usps.gov

CC/ck
Enclosure

cc:   Joseph Christa
      Tort Claim Coordinator
      File No. 300-23-00586838A